IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE: BANKRUPTCY NO. 15-20229-CMB

VINCENT E. PRATT,

Debtor

CHAPTER 7
DOC. NO. 93

VINCENT E. PRATT,

Movant

**ENTERED BY DEFAULT**

ROBERT H. SLONE, Trustee and
M&T BANK,

Respondents

ORDER OF COURT

AND NOW, this 12th day of December 2018 upon consideration of the within Motion to Approve Loan Modification Agreement, the agreement attached to this motion as Exhibit A is hereby approved.

Carlota M. Böhm glb
Carlota M. Böhm
Chief United States Bankruptcy Judge

FILED
12/12/18 3:11 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

Prepared by
-SATYANARAYAN RAO
Assistant Vice President
M&T BANK
475 Crosspoint Pkwy Getzville, NY 14068

[Space Above This Line For Recording Data]

TAX ID 38-13-0354

# LOAN MODIFICATION AGREEMENT

**(Providing for Fixed Interest Rate)**

This Loan Modification Agreement ('Agreement'), made this ____________________, 20___ between **VINCENT PRATT AKA VINCENT E. PRATT, AN INDIVIDUAL** ('Borrower(s)') and M&T BANK ('Lender'), with an address of 475 Crosspoint Pkwy Getzville, NY 14068, amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the 'Security Instrument'), and Timely Payment Rewards Rider, if any, dated January 24, 2008 and recorded in Book 3052 at Page 1835 in Instrument Number 200800001559 at County of FAYETTE, Commonwealth of PENNSYLVANIA and (2) the Note bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the 'Property', located at **12 COLLINS AVENUE UNIONTOWN PA 15401**, and more particularly described as follows:

-All that tract or parcel of land as shown on Schedule A which is annexed hereto and incorporated herein as Exhibit A-

As further assigned by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR CAPITAL ONE HOME LOANS , LLC IT'S SUCCESSORS AND ASSIGNS TO M&T BANK dated 07/10/2012 and Recorded 08/27/2012 in Book 3196 Page 1845 Instrument Number 201200011836.

With the original principal balance of U.S. $34,300.00, with pre-modification principal of U.S. $35,797.09, and with capitalized amount of U.S. $6,768.91.

EXHIBIT A

VINCENT PRATT; ________/ VP ____ Initials

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of first day of November, 2018 the amount payable under the Note and the Security Instrument (the 'New Principal Balance') is U.S. $42,566.00 consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. $400.00 of the New Principal Balance shall be deferred (the 'Deferred Principal Balance') and Borrower will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the 'Interest Bearing Principal Balance' and this amount is $42,166.00. Interest at the rate of 4.000%will begin to accrue on the Interest Bearing Principal Balance as of first day of October, 2018and the first new monthly payment on the Interest Bearing Principal Balance will be due on first day of November, 2018. The yearly rate of 4.000%will remain in effect until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The new Maturity Date will be October 01, 2058.

Borrower's payment schedule for the modified Loan is as follows for the term of 40 years:

| Interest Rate Change | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|
| 1 | 4.000% | first day of October, 2018 | $176.23 | first day of November, 2018 | 480 |

If on October 01, 2058 (the 'Maturity Date'), Borrower still owes amounts under the Note and Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

a. Borrower agrees to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and Security Instrument by the earliest of: (i) the date Borrower sells or transfers an interest in the Property, (ii) the date Borrower pays the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

b. If Borrower makes a partial prepayment of Principal, Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

VINCENT PRATT; ________/ VP ________ Initials

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

    (b) all terms and provisions of any adjustable rate rider or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

    (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

    (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

    (c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

    (d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

6. By this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligation to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

7. Borrower will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the 'Funds') to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called 'Escrow Items.' Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase 'covenant and agreement' is used in the Loan Documents. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and Borrower shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender and Borrower

can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Borrower, without charge, an annual accounting of the Funds as required by RESPA.If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments. Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to Borrower any Funds held by Lender.

_______________ (Seal)
**VINCENT PRATT AKA**
**VINCENT E. PRATT** –Borrower

Commonwealth of Pennsylvania
County of Allegheny

On the 5th day of November in the year 2018 before me, the undersigned, personally appeared **VINCENT PRATT AKA VINCENT E. PRATT** personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or person upon behalf of which the individual acted, executed the instrument

_______________
Notary Public

My Commission expires: 3/15/19

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
REGINA FIESCHKO
Notary Public
CITY OF PITTSBURGH, ALLEGHENY COUNTY
My Commission Expires Mar 15, 2019

**EXHIBIT A**

Legal Description

The land hereinafter referred to is situated in the City of Uniontown, County of Fayette, State of PA, and is described as follows:

All that certain lot of land situated on the South side of Center or East Winona Street, in what formerly was North Union Township, and now is the Fourth Ward of the City of Uniontown, Fayette County, Pennsylvania, bounded and described as follows:

Beginning at a point in the center of said Center Street, at the corner of the lot hereby conveyed and lot formerly owned by James B. Modisette, now sold to Daniel L. Finerty; thence along the center of said street, North 74-3/4 degrees East, 30 feet to a point, a corner of a lot belonging to the said James B. Modisette; thence along the line of said lot, South 15 degrees East, about 145 feet to a point in the center of a 10 foot alley; thence along the center of said alley, South 81 degrees West, 30 feet to a point, a corner of said Finerty lot; thence along the line of said Finerty lot; North 15 degrees West, about 141-3/4 feet to the center of the said street, the place of beginning.

Excepting and reserving thereout and therefrom all the nine foot or Connellsville vein of coal and all the minerals of whatsoever kind under said vein of coal, within the underlying said described lot of land with the right to mine, extract and dispose of the entire amount of said coal and minerals without reservation, substitution, or liability for damages, with the right also, to transport through the openings used in working said coal and minerals any coal or minerals from adjacent or other tracts of land.

APN: 38-13-0354

VINCENT PRATT; ________ / VP ________ Initials

Prepared by
-SATYANARAYAN RAO
Assistant Vice President
M&T BANK
475 Crosspoint Pkwy Getzville, NY 14068

[Space Above This Line For Recording Data]

TAX ID 38-13-0354

# LOAN MODIFICATION AGREEMENT

**(Providing for Fixed Interest Rate)**

This Loan Modification Agreement ('Agreement'), made this ____________________, 20___ between **VINCENT PRATT AKA VINCENT E. PRATT, AN INDIVIDUAL** ('Borrower(s)') and M&T BANK ('Lender'), with an address of 475 Crosspoint Pkwy Getzville, NY 14068, amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the 'Security Instrument'), and Timely Payment Rewards Rider, if any, dated January 24, 2008 and recorded in Book 3052 at Page 1835 in Instrument Number 200800001559 at County of FAYETTE, Commonwealth of PENNSYLVANIA and (2) the Note bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the 'Property', located at **12 COLLINS AVENUE UNIONTOWN PA 15401**, and more particularly described as follows:

-All that tract or parcel of land as shown on Schedule A which is annexed hereto and incorporated herein as Exhibit A-

As further assigned by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR CAPITAL ONE HOME LOANS , LLC IT'S SUCCESSORS AND ASSIGNS TO M&T BANK dated 07/10/2012 and Recorded 08/27/2012 in Book 3196 Page 1845 Instrument Number 201200011836.

With the original principal balance of U.S. $34,300.00, with pre-modification principal of U.S. $35,797.09, and with capitalized amount of U.S. $6,768.91.

VINCENT PRATT; ________/ VP Initials

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of first day of November, 2018 the amount payable under the Note and the Security Instrument (the 'New Principal Balance') is U.S. $42,566.00 consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. $400.00 of the New Principal Balance shall be deferred (the 'Deferred Principal Balance') and Borrower will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the 'Interest Bearing Principal Balance' and this amount is $42,166.00. Interest at the rate of 4.000%will begin to accrue on the Interest Bearing Principal Balance as of first day of October, 2018and the first new monthly payment on the Interest Bearing Principal Balance will be due on first day of November, 2018. The yearly rate of 4.000%will remain in effect until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The new Maturity Date will be October 01, 2058.

Borrower's payment schedule for the modified Loan is as follows for the term of 40 years:

| Interest Rate Change | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|
| 1 | 4.000% | first day of October, 2018 | $176.23 | first day of November, 2018 | 480 |

If on October 01, 2058 (the 'Maturity Date'), Borrower still owes amounts under the Note and Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

a. Borrower agrees to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and Security Instrument by the earliest of: (i) the date Borrower sells or transfers an interest in the Property, (ii) the date Borrower pays the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

b. If Borrower makes a partial prepayment of Principal, Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

   (b) all terms and provisions of any adjustable rate rider or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

   (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

   (c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

   (d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e)    Borrower agrees to make and execute such other documents or papers as may be
necessary or required to effectuate the terms and conditions of this Agreement
which, if approved and accepted by Lender, shall bind and inure to the heirs,
executors,    administrators,    and    assigns    of    the    Borrower.

6.    By this paragraph, Lender is notifying Borrower that any prior waiver by Lender of
Borrower's obligation to pay to Lender Funds for any or all Escrow Items is hereby
revoked, and Borrower has been advised of the amount needed to fully fund the Escrow
Items.

7.    Borrower will pay to Lender on the day payments are due under the Loan Documents as
amended by this Agreement, until the Loan is paid in full, a sum (the 'Funds') to provide
for payment of amounts due for: (a) taxes and assessments and other items which can
attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold
payments or ground rents on the Property, if any; (c) premiums for any and all insurance
required by Lender under the Loan Documents;  (d) mortgage insurance premiums, if
any, or any sums payable to Lender in lieu of the payment of mortgage insurance
premiums in accordance with the Loan Documents; and (e) any community association
dues, fees, and assessments that Lender requires to be escrowed. These items are called
'Escrow Items.'  Borrower shall promptly furnish to Lender all notices of amounts to be
paid under this paragraph. Borrower shall pay Lender the Funds for Escrow Items unless
Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items.
Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow
Items at any time.  Any such waiver may only be in writing.  In the event of such waiver,
Borrower shall pay directly, when and where payable, the amounts due for any Escrow
Items for which payment of Funds has been waived by Lender and, if Lender requires,
shall furnish to Lender receipts evidencing such payment within such time period as
Lender may require. Borrower's obligation to make such payments and to provide
receipts shall for all purposes be deemed to be a covenant and agreement contained in the
Loan Documents, as the phrase 'covenant and agreement' is used in the Loan
Documents.  If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver,
and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its
rights under the Loan Documents and this Agreement and pay such amount and Borrower
shall then be obligated to repay to Lender any such amount.  Lender may revoke the
waiver as to any or all Escrow Items at any time by a notice given in accordance with the
Loan Documents, and, upon such revocation, Borrower shall pay to Lender all Funds,
and in such amounts, that are then required under this paragraph.

The Funds shall be held in an institution whose deposits are insured by a federal agency,
instrumentality, or entity (including Lender, if Lender is an institution whose deposits are
so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the
Escrow Items no later than the time specified under RESPA.  Lender shall not charge
Borrower for holding and applying the Funds, annually analyzing the escrow account, or
verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and
applicable law permits Lender to make such a charge. Unless an agreement is made in
writing or applicable law requires interest to be paid on the Funds, Lender shall not be
required to pay Borrower any interest or earnings on the Funds. Lender and Borrower

can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Borrower, without charge, an annual accounting of the Funds as required by RESPA.If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments. Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to Borrower any Funds held by Lender.

_______________ (Seal)
**VINCENT PRATT AKA**
**VINCENT E. PRATT** –Borrower

Commonwealth of Pennsylvania
County of Allgheny

On the 5th day of November in the year 2018 before me, the undersigned, personally appeared **VINCENT PRATT AKA VINCENT E. PRATT** personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or person upon behalf of which the individual acted, executed the instrument.

_______________
Notary Public

My Commission expires: 3/15/19

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
REGINA FIESCHKO
Notary Public
CITY OF PITTSBURGH, ALLEGHENY COUNTY
My Commission Expires Mar 15, 2019

**EXHIBIT A**

Legal Description

The land hereinafter referred to is situated in the City of Uniontown, County of Fayette, State of PA, and is described as follows:

All that certain lot of land situated on the South side of Center or East Winona Street, in what formerly was North Union Township, and now is the Fourth Ward of the City of Uniontown, Fayette County, Pennsylvania, bounded and described as follows:

Beginning at a point in the center of said Center Street, at the corner of the lot hereby conveyed and lot formerly owned by James B. Modisette, now sold to Daniel L. Finerty; thence along the center of said street, North 74-3/4 degrees East, 30 feet to a point, a corner of a lot belonging to the said James B. Modisette; thence along the line of said lot, South 15 degrees East, about 145 feet to a point in the center of a 10 foot alley; thence along the center of said alley, South 81 degrees West, 30 feet to a point, a corner of said Finerty lot; thence along the line of said Finerty lot; North 15 degrees West, about 141-3/4 feet to the center of the said street, the place of beginning.

Excepting and reserving thereout and therefrom all the nine foot or Connellsville vein of coal and all the minerals of whatsoever kind under said vein of coal, within the underlying said described lot of land with the right to mine, extract and dispose of the entire amount of said coal and minerals without reservation, substitution, or liability for damages, with the right also, to transport through the openings used in working said coal and minerals any coal or minerals from adjacent or other tracts of land.

APN: 38-13-0354

Prepared by
-SATYANARAYAN RAO
Assistant Vice President
M&T BANK
475 Crosspoint Pkwy Getzville, NY 14068

______________ [Space Above This Line For Recording Data] ______________

TAX ID 38-13-0354

# LOAN MODIFICATION AGREEMENT

**(Providing for Fixed Interest Rate)**

This Loan Modification Agreement ('Agreement'), made this ______________, 20___ between **VINCENT PRATT AKA VINCENT E. PRATT, AN INDIVIDUAL** ('Borrower(s)') and M&T BANK ('Lender'), with an address of 475 Crosspoint Pkwy Getzville, NY 14068, amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the 'Security Instrument'), and Timely Payment Rewards Rider, if any, dated January 24, 2008 and recorded in Book 3052 at Page 1835 in Instrument Number 200800001559 at County of FAYETTE, Commonwealth of PENNSYLVANIA and (2) the Note bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the 'Property', located at **12 COLLINS AVENUE UNIONTOWN PA 15401**, and more particularly described as follows:

-All that tract or parcel of land as shown on Schedule A which is annexed hereto and incorporated herein as Exhibit A-

As further assigned by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR CAPITAL ONE HOME LOANS , LLC IT'S SUCCESSORS AND ASSIGNS TO M&T BANK dated 07/10/2012 and Recorded 08/27/2012 in Book 3196 Page 1845 Instrument Number 201200011836.

With the original principal balance of U.S. $34,300.00, with pre-modification principal of U.S. $35,797.09, and with capitalized amount of U.S. $6,768.91.

VINCENT PRATT; ________/ VP Initials

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of first day of November, 2018 the amount payable under the Note and the Security Instrument (the 'New Principal Balance') is U.S. $42,566.00 consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. $400.00 of the New Principal Balance shall be deferred (the 'Deferred Principal Balance') and Borrower will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the 'Interest Bearing Principal Balance' and this amount is $42,166.00. Interest at the rate of 4.000%will begin to accrue on the Interest Bearing Principal Balance as of first day of October, 2018and the first new monthly payment on the Interest Bearing Principal Balance will be due on first day of November, 2018. The yearly rate of 4.000%will remain in effect until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The new Maturity Date will be October 01, 2058.

Borrower's payment schedule for the modified Loan is as follows for the term of 40 years:

| Interest Rate Change | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|
| 1 | 4.000% | first day of October, 2018 | $176.23 | first day of November, 2018 | 480 |

If on October 01, 2058 (the 'Maturity Date'), Borrower still owes amounts under the Note and Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

a. Borrower agrees to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and Security Instrument by the earliest of: (i) the date Borrower sells or transfers an interest in the Property, (ii) the date Borrower pays the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

b. If Borrower makes a partial prepayment of Principal, Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

VINCENT PRATT; ________/ VP ________ Initials

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

   (b) all terms and provisions of any adjustable rate rider or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

   (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

   (c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

   (d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

VINCENT PRATT; ________ / VP ________ Initials

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

6. By this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligation to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

7. Borrower will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the 'Funds') to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called 'Escrow Items.' Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase 'covenant and agreement' is used in the Loan Documents. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and Borrower shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender and Borrower

VINCENT PRATT; ________/ VP Initials

can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Borrower, without charge, an annual accounting of the Funds as required by RESPA.If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments. Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to Borrower any Funds held by Lender.

_______________ (Seal)
**VINCENT PRATT AKA**
**VINCENT E. PRATT** –Borrower

Commonwealth of Pennsylvania
County of Allegheny

On the 5th day of November in the year 2018 before me, the undersigned, personally appeared **VINCENT PRATT AKA VINCENT E. PRATT** personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or person upon behalf of which the individual acted, executed the instrument

_______________
Notary Public

My Commission expires: 3/15/19

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
REGINA FIESCHKO
Notary Public
CITY OF PITTSBURGH, ALLEGHENY COUNTY
My Commission Expires Mar 15, 2019

**EXHIBIT A**
Legal Description

The land hereinafter referred to is situated in the City of Uniontown, County of Fayette, State of PA, and is described as follows:

All that certain lot of land situated on the South side of Center or East Winona Street, in what formerly was North Union Township, and now is the Fourth Ward of the City of Uniontown, Fayette County, Pennsylvania, bounded and described as follows:

Beginning at a point in the center of said Center Street, at the corner of the lot hereby conveyed and lot formerly owned by James B. Modisette, now sold to Daniel L. Finerty; thence along the center of said street, North 74-3/4 degrees East, 30 feet to a point, a corner of a lot belonging to the said James B. Modisette; thence along the line of said lot, South 15 degrees East, about 145 feet to a point in the center of a 10 foot alley; thence along the center of said alley, South 81 degrees West, 30 feet to a point, a corner of said Finerty lot; thence along the line of said Finerty lot; North 15 degrees West, about 141-3/4 feet to the center of the said street, the place of beginning.

Excepting and reserving thereout and therefrom all the nine foot or Connellsville vein of coal and all the minerals of whatsoever kind under said vein of coal, within the underlying said described lot of land with the right to mine, extract and dispose of the entire amount of said coal and minerals without reservation, substitution, or liability for damages, with the right also, to transport through the openings used in working said coal and minerals any coal or minerals from adjacent or other tracts of land.

APN: 38-13-0354

# Marital Status Form

**Instructions:**

We are collecting the data on this form for the limited purpose of verifying your marital status so that we can determine whether additional signatures (besides yours) are required to close your loss mitigation option should you be approved. Please be advised that this information will not affect the decision that we make with respect to your loss mitigation application. PLEASE CONSULT WITH YOUR ATTORNEY IF YOU HAVE ANY QUESTIONS REGARDING THIS FORM.

We are collecting this data pursuant to, and in conformance with, the requirements of the Equal Credit Opportunity Act.

I, __ VINCENT PRATT AKA VINCENT E. PRATT ______________________________ am
Print Name

**(Please check one)**

☒ UNMARRIED (this includes Single, Divorced or Widowed)

If applicable, please provide a copy of the Judgment of Divorce/Divorce Decree.

If applicable, please include a certified copy of the death certificate and copies of any/all probate/surrogate court documents, including papers appointing the personal representative/executor/administrator of the estate.

☐ MARRIED Please include date of marriage:_________ and spouse's name:_____________________________(provide spouse's name only if the real property is located in a "community property" state or in a state where a non-owning spouse has spousal property rights).

☐ SEPARATED

Has a divorce action been filed? (please check one) _____ Yes ______ No
If applicable, please provide a copy of the Separation Agreement.

**If a deed has ever been conveyed from you or another person (examples, your spouse, siblings, or parents) at any time, (usually in the form of a Quitclaim Deed) please provide a copy of such deed.**

Property address is: 12 Collins Ave, Uniontown PA 15401

Mailing address is: 12 Collins Ave Uniontown PA 15401

[signature]
Signature

Vincent E. Pratt
Printed Name

# Marital Status Form

**Instructions:**

We are collecting the data on this form for the limited purpose of verifying your marital status so that we can determine whether additional signatures (besides yours) are required to close your loss mitigation option should you be approved. Please be advised that this information will not affect the decision that we make with respect to your loss mitigation application. PLEASE CONSULT WITH YOUR ATTORNEY IF YOU HAVE ANY QUESTIONS REGARDING THIS FORM.

We are collecting this data pursuant to, and in conformance with, the requirements of the Equal Credit Opportunity Act.

I, __ VINCENT PRATT AKA VINCENT E. PRATT ________________________ am
Print Name

**(Please check one)**

☒ UNMARRIED (this includes Single, Divorced or Widowed)

If applicable, please provide a copy of the Judgment of Divorce/Divorce Decree.

If applicable, please include a certified copy of the death certificate and copies of any/all probate/surrogate court documents, including papers appointing the personal representative/executor/administrator of the estate.

☐ MARRIED Please include date of marriage:_________ and spouse's name:____________________________(provide spouse's name only if the real property is located in a "community property" state or in a state where a non-owning spouse has spousal property rights).

☐ SEPARATED

Has a divorce action been filed? (please check one) _____ Yes _______ No
If applicable, please provide a copy of the Separation Agreement.

**If a deed has ever been conveyed from you or another person (examples, your spouse, siblings, or parents) at any time, (usually in the form of a Quitclaim Deed) please provide a copy of such deed.**

Property address is: 12 Collins Ave Uniontown PA 15401

Mailing address is: 12 Collins Ave Uniontown PA 15401

[signature]
Signature

Vincent E Pratt
Printed Name

# Marital Status Form

**Instructions:**

We are collecting the data on this form for the limited purpose of verifying your marital status so that we can determine whether additional signatures (besides yours) are required to close your loss mitigation option should you be approved. Please be advised that this information will not affect the decision that we make with respect to your loss mitigation application. PLEASE CONSULT WITH YOUR ATTORNEY IF YOU HAVE ANY QUESTIONS REGARDING THIS FORM.

We are collecting this data pursuant to, and in conformance with, the requirements of the Equal Credit Opportunity Act.

I, __ VINCENT PRATT AKA VINCENT E. PRATT ______________________________ am
Print Name

**(Please check one)**

☒ UNMARRIED (this includes Single, Divorced or Widowed)

If applicable, please provide a copy of the Judgment of Divorce/Divorce Decree.

If applicable, please include a certified copy of the death certificate and copies of any/all probate/surrogate court documents, including papers appointing the personal representative/executor/administrator of the estate.

☐ MARRIED Please include date of marriage:_________ and spouse's name:____________________________(provide spouse's name only if the real property is located in a "community property" state or in a state where a non-owning spouse has spousal property rights).

☐ SEPARATED

Has a divorce action been filed? (please check one) _____ Yes ______ No
If applicable, please provide a copy of the Separation Agreement.

**If a deed has ever been conveyed from you or another person (examples, your spouse, siblings, or parents) at any time, (usually in the form of a Quitclaim Deed) please provide a copy of such deed.**

Property address is: 12 Collins Ave, Uniontown PA 15401

Mailing address is: 12 Collins Ave Uniontown PA 15401

[signature]
Signature

Vincent E Pratt
Printed Name

# CONTINUOUS MARRIAGE AFFIDAVIT

COMMONWEALTH OF Pennsylvania )
) SS
COUNTY OF Alleghny )

I VINCENT PRATT AKA VINCENT E. PRATT (hereinafter referred to as Affiant), being duly sworn according to law, do hereby state and swear:

1. THAT at all times hereinafter mentioned, Affiant was over 18 years of age.

2. THAT Affiant is one of the same persons described as Grantees, or spouse of the Grantee, in the deed of a certain parcel of real property located in the FAYETTE County, Commonwealth of PENNSYLVANIA and recorded on 02/08/2008 in Deed Book Volume 3052 , Page 1835 , Instrument Number 200800001559 , of the Public Records of said County and Commonwealth, having an address of:

12 COLLINS AVENUE UNIONTOWN PA 15401

3. THAT Affiant was married to ~~[illegible]~~ Melissa Pratt on July 23, 2007 and we remained married to each other continuously until his/her death or divorce on May 25, 2010

DATED this 5th day of November, 2018.

[signature]
Affiant Signature

SWORN TO AND SUBSCRIBED before me this 5th day of November, 2018

[signature]
NOTARY PUBLIC
My Commission Expires: 3/15/19

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
REGINA FIESCHKO
Notary Public
CITY OF PITTSBURGH, ALLEGHENY COUNTY
My Commission Expires Mar 15, 2019

## CONTINUOUS MARRIAGE AFFIDAVIT

COMMONWEALTH OF Pennsylvania )
) SS
COUNTY OF Allghany )

I VINCENT PRATT AKA VINCENT E. PRATT (hereinafter referred to as Affiant), being duly sworn according to law, do hereby state and swear:

1. THAT at all times hereinafter mentioned, Affiant was over 18 years of age.

2. THAT Affiant is one of the same persons described as Grantees, or spouse of the Grantee, in the deed of a certain parcel of real property located in the FAYETTE County, Commonwealth of PENNSYLVANIA and recorded on 02/08/2008 in Deed Book Volume 3052, Page 1835, Instrument Number 200800001559, of the Public Records of said County and Commonwealth, having an address of:

12 COLLINS AVENUE UNIONTOWN PA 15401

3. THAT Affiant was married to ~~[illegible]~~ Melissa Pratt on July 23 2007 and we remained married to each other continuously until his/her death or divorce on May 25, 2010

DATED this 5th day of November, 2015.

Affiant Signature

SWORN TO AND SUBSCRIBED before me this 5th day of November, 2018

NOTARY PUBLIC

My Commission Expires: 3/15/19

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
REGINA FIESCHKO
Notary Public
CITY OF PITTSBURGH, ALLEGHENY COUNTY
My Commission Expires Mar 15, 2019

**CONTINUOUS MARRIAGE AFFIDAVIT**

COMMONWEALTH OF Pennsylvania )
) SS
COUNTY OF Allegheny )

I VINCENT PRATT AKA VINCENT E. PRATT (hereinafter referred to as Affiant), being duly sworn according to law, do hereby state and swear:

1. THAT at all times hereinafter mentioned, Affiant was over 18 years of age.

2. **THAT** Affiant is one of the same persons described as Grantees, or spouse of the Grantee, in the deed of a certain parcel of real property located in the FAYETTE County, Commonwealth of PENNSYLVANIA and recorded on 02/08/2008 in Deed Book Volume 3052, Page 1835, Instrument Number 200800001559, of the Public Records of said County and Commonwealth, having an address of:

12 COLLINS AVENUE UNIONTOWN PA 15401

3. THAT Affiant was married to Melissa Pratt on July 23, 2007 and we remained married to each other continuously until his/her death or divorce on May 25, 2010

DATED this 5th day of November, 2018.

[signature]
Affiant Signature

SWORN TO AND SUBSCRIBED before me this 5th day of November, 2018

[signature]
NOTARY PUBLIC
My Commission Expires: 3/15/19

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
REGINA FIESCHKO
Notary Public
CITY OF PITTSBURGH, ALLEGHENY COUNTY
My Commission Expires Mar 15, 2019

**SIGNATURE/NAME AFFIDAVIT**

STATE OF Pennsylvania
COUNTY OF Allegheny } SS

BEFORE ME, the undersigned authority, a Notary Public in and for said County and State, on this day personally appeared, **VINCENT PRATT AKA VINCENT E. PRATT**, who, after being by me first duly sworn, upon oath does depose and say:

THAT **VINCENT PRATT** as the name appears on the current deed of record, **OR** the deed to be recorded with this transaction, is one and the same person as:

**VINCENT E. PRATT**, as the name appears in various documents.

**AND THAT, the signature below is his/her legal signature for all purposes.**

Signed: ____________________

Subscribed and Sworn to before me this 5th day of November, 20 18

____________________

Notary Public: Regina Fieschko
Print Name

My Commission Expires: 3/15/19

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
REGINA FIESCHKO
Notary Public
CITY OF PITTSBURGH, ALLEGHENY COUNTY
My Commission Expires Mar 15, 2019

**SIGNATURE/NAME AFFIDAVIT**

STATE OF Pennsylvania
COUNTY OF Allegheny } SS

BEFORE ME, the undersigned authority, a Notary Public in and for said County and State, on this day personally appeared, **VINCENT PRATT AKA VINCENT E. PRATT**, who, after being by me first duly sworn, upon oath does depose and say:

THAT **VINCENT PRATT** as the name appears on the current deed of record, **OR** the deed to be recorded with this transaction, is one and the same person as:

**VINCENT E. PRATT**, as the name appears in various documents.

**AND THAT, the signature below is his/her legal signature for all purposes.**

Signed: [signature]

Subscribed and Sworn to before me this 5th day of November, 2018

[signature]

Notary Public: Regina Fieschko
Print Name

My Commission Expires: 3/15/19

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
REGINA FIESCHKO
Notary Public
CITY OF PITTSBURGH, ALLEGHENY COUNTY
My Commission Expires Mar 15, 2019

**SIGNATURE/NAME AFFIDAVIT**

STATE OF Pennsylvania
COUNTY OF Allegheny } SS

BEFORE ME, the undersigned authority, a Notary Public in and for said County and State, on this day personally appeared, **VINCENT PRATT AKA VINCENT E. PRATT**, who, after being by me first duly sworn, upon oath does depose and say:

THAT **VINCENT PRATT** as the name appears on the current deed of record, **OR** the deed to be recorded with this transaction, is one and the same person as:

**VINCENT E. PRATT**, as the name appears in various documents.

**AND THAT, the signature below is his/her legal signature for all purposes.**

Signed: [signature]

Subscribed and Sworn to before me this 5th day of November, 20 18

[signature]

Notary Public: Regina Fieschko
Print Name

My Commission Expires: 3/15/19

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
REGINA FIESCHKO
Notary Public
CITY OF PITTSBURGH, ALLEGHENY COUNTY
My Commission Expires Mar 15, 2019

**COOPERATION/CORRECTION AGREEMENT**
LIMITED POWER OF ATTORNEY

The undersigned Borrower(s) has/have entered into a transaction with M&T Bank ("Lender"), involving Borrower(s)'s execution of several agreements, instruments and documents (collectively, the "Original Documents"). Upon request by, or on behalf of Lender, Lender's agents and/or Lender's attorneys, the undersigned Borrower(s) will, within five (5) business days of any such request, execute any agreement, document or instrument that ought to have been signed at or before the execution of the Original Documents, or will re-execute any Original Document incorrectly completed and/or signed in connection with the Original Documents. Borrower(s) failure to take any such requested action shall constitute a default under the Original Documents.

If Lender has not received a response from Borrower(s) within the aforementioned five (5) business day period, the Borrower(s), for and in consideration of the transaction entered into with Lender, hereby grant Lender, Lender's agents or Lender's attorneys, and their successors and/or assigns, a power of attorney so that Lender, Lender's agent or Lender's attorney may act in Borrower(s) place and stead in any way in which Borrower(s) could act if present. Such power of attorney shall be granted for the sole purpose of executing or re-executing said Original Documents, on Borrower(s)'s behalf, without prior notice and include, without limitation the right of Lender, Lender's agents, and Lender's attorneys, to correct any typographical or clerical errors, to place Borrower(s)'s initials on documents where changes are made, to complete any and all blanks and/or to attach exhibits/schedules to any Original Document, to provide and complete the proper form of any instrument previously executed, to execute or re-execute any document or instrument that ought to have been signed at or before the execution of the Original Documents, and/or to sign Borrower(s)'s name(s) to any such document or form, and to perform any and every act required or necessary to effectuate the adjustment or correction of any such errors, without prior notice. This power of attorney shall take effect upon the date of this agreement.

The power of attorney created herein is a durable power of attorney which shall be irrevocable during the term set forth in the Original Documents (as such Original Documents may be amended, revised and/or extended), and shall not be affected by Borrower(s) subsequent disability, incompetence or incapacity.

________________________ ________________________
**VINCENT PRATT AKA VINCENT E. PRATT**

COMMONWEALTH OF Pennsylvania )
COUNTY OF Allegheny ) ss.:

On this 5th day of November, 2018, before me, the undersigned, personally appeared **VINCENT PRATT AKA VINCENT E. PRATT**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the foregoing instrument and he/she/they acknowledged to me that he/she/they executed the same in his/her/their capacity and that by his/her/their signature on said instrument, the individual or the person upon behalf of which the individual acted, executed the instrument; and that such individual made such appearance before the undersigned in the city/town of Pittsburgh, Commonwealth of Pennsylvania.

SEAL:

________________________
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
REGINA FIESCHKO
Notary Public
CITY OF PITTSBURGH, ALLEGHENY COUNTY
My Commission Expires [illegible]

**COOPERATION/CORRECTION AGREEMENT**
LIMITED POWER OF ATTORNEY

The undersigned Borrower(s) has/have entered into a transaction with M&T Bank ("Lender"), involving Borrower(s)'s execution of several agreements, instruments and documents (collectively, the "Original Documents"). Upon request by, or on behalf of Lender, Lender's agents and/or Lender's attorneys, the undersigned Borrower(s) will, within five (5) business days of any such request, execute any agreement, document or instrument that ought to have been signed at or before the execution of the Original Documents, or will re-execute any Original Document incorrectly completed and/or signed in connection with the Original Documents. Borrower(s) failure to take any such requested action shall constitute a default under the Original Documents.

If Lender has not received a response from Borrower(s) within the aforementioned five (5) business day period, the Borrower(s), for and in consideration of the transaction entered into with Lender, hereby grant Lender, Lender's agents or Lender's attorneys, and their successors and/or assigns, a power of attorney so that Lender, Lender's agent or Lender's attorney may act in Borrower(s) place and stead in any way in which Borrower(s) could act if present. Such power of attorney shall be granted for the sole purpose of executing or re-executing said Original Documents, on Borrower(s)'s behalf, without prior notice and include, without limitation the right of Lender, Lender's agents, and Lender's attorneys, to correct any typographical or clerical errors, to place Borrower(s)'s initials on documents where changes are made, to complete any and all blanks and/or to attach exhibits/schedules to any Original Document, to provide and complete the proper form of any instrument previously executed, to execute or re-execute any document or instrument that ought to have been signed at or before the execution of the Original Documents, and/or to sign Borrower(s)'s name(s) to any such document or form, and to perform any and every act required or necessary to effectuate the adjustment or correction of any such errors, without prior notice. This power of attorney shall take effect upon the date of this agreement.

The power of attorney created herein is a durable power of attorney which shall be irrevocable during the term set forth in the Original Documents (as such Original Documents may be amended, revised and/or extended), and shall not be affected by Borrower(s) subsequent disability, incompetence or incapacity.

_______________________________ _______________________________
**VINCENT PRATT AKA VINCENT E. PRATT**

COMMONWEALTH OF Pennsylvania )
COUNTY OF Allegheny ) ss.:

On this 5th day of November, 2018, before me, the undersigned, personally appeared **VINCENT PRATT AKA VINCENT E. PRATT**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the foregoing instrument and he/she/they acknowledged to me that he/she/they executed the same in his/her/their capacity and that by his/her/their signature on said instrument, the individual or the person upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the city/town of Pittsburgh, Commonwealth of Pennsylvania.

SEAL:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
REGINA FIESCHKO
Notary Public
CITY OF PITTSBURGH, ALLEGHENY COUNTY
My Commission Expires Mar 15, 2019

_______________________________
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
REGINA FIESCHKO
Notary Public
CITY OF PITTSBURGH, ALLEGHENY COUNTY

**COOPERATION/CORRECTION AGREEMENT**
LIMITED POWER OF ATTORNEY

The undersigned Borrower(s) has/have entered into a transaction with M&T Bank ("Lender"), involving Borrower(s)'s execution of several agreements, instruments and documents (collectively, the "Original Documents"). Upon request by, or on behalf of Lender, Lender's agents and/or Lender's attorneys, the undersigned Borrower(s) will, within five (5) business days of any such request, execute any agreement, document or instrument that ought to have been signed at or before the execution of the Original Documents, or will re-execute any Original Document incorrectly completed and/or signed in connection with the Original Documents. Borrower(s) failure to take any such requested action shall constitute a default under the Original Documents.

If Lender has not received a response from Borrower(s) within the aforementioned five (5) business day period, the Borrower(s), for and in consideration of the transaction entered into with Lender, hereby grant Lender, Lender's agents or Lender's attorneys, and their successors and/or assigns, a power of attorney so that Lender, Lender's agent or Lender's attorney may act in Borrower(s) place and stead in any way in which Borrower(s) could act if present. Such power of attorney shall be granted for the sole purpose of executing or re-executing said Original Documents, on Borrower(s)'s behalf, without prior notice and include, without limitation the right of Lender, Lender's agents, and Lender's attorneys, to correct any typographical or clerical errors, to place Borrower(s)'s initials on documents where changes are made, to complete any and all blanks and/or to attach exhibits/schedules to any Original Document, to provide and complete the proper form of any instrument previously executed, to execute or re-execute any document or instrument that ought to have been signed at or before the execution of the Original Documents, and/or to sign Borrower(s)'s name(s) to any such document or form, and to perform any and every act required or necessary to effectuate the adjustment or correction of any such errors, without prior notice. This power of attorney shall take effect upon the date of this agreement.

The power of attorney created herein is a durable power of attorney which shall be irrevocable during the term set forth in the Original Documents (as such Original Documents may be amended, revised and/or extended), and shall not be affected by Borrower(s) subsequent disability, incompetence or incapacity.

______________________________ ______________________________

**VINCENT PRATT AKA VINCENT E. PRATT**

COMMONWEALTH OF Pennsylvania )
COUNTY OF Allegheny ) ss.:

On this 5th day of November, 2018, before me, the undersigned, personally appeared **VINCENT PRATT AKA VINCENT E. PRATT**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the foregoing instrument and he/she/they acknowledged to me that he/she/they executed the same in his/her/their capacity and that by his/her/their signature on said instrument, the individual or the person upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the city/town of Pittsburgh, Commonwealth of Pennsylvania.

SEAL: ______________________________
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
REGINA FIESCHKO
Notary Public
CITY OF PITTSBURGH, ALLEGHENY COUNTY
My Commission Expires [illegible]

United States Bankruptcy Court
Western District of Pennsylvania

In re:
Vincent E Pratt
Debtor

Case No. 15-20229-CMB
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0315-2 User: gamr Page 1 of 1 Date Rcvd: Dec 12, 2018
Form ID: pdf900 Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 14, 2018.
db +Vincent E Pratt, 12 Collins Avenue, Uniontown, PA 15401-3806

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE. TOTAL: 0

***** BYPASSED RECIPIENTS *****
NONE. TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 14, 2018 Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 12, 2018 at the address(es) listed below:
Andrew F Gornall on behalf of Creditor M&T BANK andygornall@latouflawfirm.com
James Warmbrodt on behalf of Creditor M&T BANK bkgroup@kmllawgroup.com
Joseph E. Fieschko, Jr. on behalf of Debtor Vincent E Pratt joe@fieschko.com, rcfishko@aol.com
Office of the United States Trustee ustpregion03.pi.ecf@usdoj.gov
Robert H. Slone, Trustee robertslone223@gmail.com, rslone@pulsenet.com;pa07@ecfcbis.com
Robert H. Slone, Trustee on behalf of Trustee Robert H. Slone, Trustee robertslone223@gmail.com, rslone@pulsenet.com;pa07@ecfcbis.com
TOTAL: 6